**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONALD MCGUIGAN,** | |
| **Petitioner,** | |
| **v.** | **CIVIL ACTION NO.  21-1544** |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al.*, | |
| **Respondents.** | |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                                                         **May 4, 2026**

Petitioner Donald McGuigan filed a *pro se* petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. After full briefing, Magistrate Judge Scott W. Reid entered a Report and

Recommendation (R&R) that the petition be dismissed as untimely.[1] Petitioner filed objections

to the R&R,[2] and after order of this Court, Respondents filed a Response to Petitioner's

Objections.[3] For the reasons stated herein, the R&R will be approved and adopted, and

McGuigan's petition will be dismissed as untimely.

**I.      BACKGROUND**

The R&R recommended dismissing McGuigan's petition as untimely and did not reach

the petition's merits. Accordingly, the Court recounts the facts relevant to an evaluation of the

petition's timeliness.

---

[1] R&R [Doc. No. 57].

[2] Pet's. Obj. to R&R [Doc. No. 63].

[3] Resp'ts' Resp. Opp. Obj. [Doc. No. 65].

On May 28, 2008, Petitioner was convicted in Pennsylvania of twenty-four counts of possession with intent to deliver cocaine and methamphetamine after a stipulated bench trial.[4] He was sentenced to a term of 20 to 40 years of imprisonment.[5]

Petitioner timely appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on July 9, 2009.[6] Petitioner timely filed an application for re-argument and the motion was denied on September 10, 2009.[7] Then, Petitioner timely filed a petition for allowance of appeal to the Pennsylvania Supreme Court, and the petition was denied on October 13, 2009.[8] Petitioner moved for reconsideration of the decision, which was denied on May 25, 2011.[9] Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, so his conviction became final 90 days after the Pennsylvania Supreme Court's denial of reconsideration.[10]

On July 25, 2011, Petitioner filed a *pro se* petition seeking relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), which he later amended.[11] The PCRA court denied the amended PCRA petition on December 18, 2017.[12] Petitioner timely appealed the PCRA court's

---

[4] *Commonwealth v. McGuigan*, No. 222 EDA 2018 (Mar. 18, 2009), Resp. Opp. Habeas Pet., App'x W, at ECF 771-72 [Doc. No. 26-1].

[5] *Id*. Petitioner was paroled on December 4, 2024 and remains "in custody" for federal habeas purposes. Respondents' Custody Letter [Doc. No. 40]; Pet's. Custody Letter [Doc. No. 46]; 28 U.S.C. § 2254(a); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (stating that those on parole are "in custody" for habeas relief).

[6] *Commonwealth v. McGuigan*, No. 222 EDA 2018 (Mar. 18, 2009), Resp. Opp. Habeas Pet., App'x W, at ECF 772 [Doc. No. 26-1].

[7] *Commonwealth v. McGuigan*, 981 A.2d 927 (Pa. Sup. Ct. July 7, 2009).

[8] Resp'ts' Resp. Opp. Habeas Pet., App'x Z, 12/6/16 Hr'g Tr., at ECF 893 [Doc. No. 26-1].

[9] *Id*.

[10] *Id*.

[11] *Commonwealth v. McGuigan*, No. 222 EDA 2018 (Mar. 18, 2009), Resp. Opp. Habeas Pet., App'x W, at ECF 773 [Doc. No. 26-1].

[12] Am. Habeas Pet., App'x 2, PCRA 12/18/17 Order [Doc. No. 25-2].

denial, and the Pennsylvania Superior Court affirmed the denial on March 18, 2019.[13] Petitioner

moved for re-argument before the Superior Court, which was denied on May 29, 2019.[14] Then,

Petitioner timely filed an application for leave to appeal to the Pennsylvania Supreme Court.[15]

The Pennsylvania Supreme Court denied the petition on January 23, 2020.[16] Petitioner did not

seek further review before the United States Supreme Court.

Petitioner filed a *pro se* § 2254 petition for a writ of habeas, which was docketed as filed

on March 24, 2021, and dated February 19, 2021.[17] The petition was signed by Petitioner's

daughter Aubrey Good "on behalf of the Petitioner."[18] Under the signature block, Good typed:

> I am the Petitioner's daughter, Aubrey Marie Good, and retain the power of attorney
> while he is incarcerated. The reason I am signing is because the petitioner mails
> home his legal filings hand written at which time I place them on a computer for
> clarity and the court's convenience and then file them with this Honorable Court.[19]

Petitioner amended his habeas petition,[20] and the Commonwealth responded opposing the

petition, arguing in part that the petition was untimely because the statute of limitations to file a

2254 petition expired on January 23, 2021.[21] Petitioner filed a reply in which he argued the

petition was timely pursuant to the prison mailbox rule and claimed that the petition was mailed

to the Clerk of Court on January 22, 2021.[22] McGuigan attached several documents to support

this claim, including: (1) Appendix A, a Postage Order and Receipt, dated 1/22/21, listing the

---

[13] *Commonwealth v. McGuigan*, 222 EDA 2018, 2019 WL 1264949, *1, *13 (Pa. Sup. Ct. Mar. 18, 2019).

[14] R&R at 5 [Doc. No. 57].

[15] *Id.*

[16] *Id.*

[17] Initial Habeas Pet. [Doc. No. 1].

[18] *Id.* at 29.

[19] *Id.*

[20] Am. Habeas Pet. [Doc. No. 25].

[21] Resp'ts' Resp. Opp. Habeas Pet. at 21 [Doc. No. 26].

[22] Pet's. Reply Supp. Habeas Pet. at 5, 7 [Doc. No. 34].

address of "Clerk of Court, U.S. Courthouse, 601 Market Street, Phila., PA 19106," with $8.70 as the total amount to be charged to Petitioner's account ("First Postage Slip"); (2) Appendix B, a monthly account statement, indicating on 1/27/21 "Postage (First Class Mail)" was deducted in the amount of $8.70 from his prison account ("Account Statement"); (3) Appendix C, dated 10/30/20, titled "Inmate's Request to Staff" and providing, in part, that Petitioner "requested to be on the call out for the law library" and that he has "until 1/23/21 to file his federal habeas appeal. . ."; and (4) Appendix D, a post office receipt dated 02/20/21 for $38.75 indicating mail was sent to Philadelphia priority two-day mail from Newport News, VA where Ms. Good resides, and was ultimately delivered to the Clerk's Office on March 24, 2021.[23]

In his reply, Petitioner claimed he did not include a timeliness argument in his initial petition because, "for reasons Petitioner can no longer recall, [he] believed the Commonwealth would not object to the timeliness of the filing."[24] He stated that he asked his daughter to re-send a copy of his February 20, 2021 filing from Virginia (which he claims was originally sent to the Clerk's Office on January 22, 2021) and the post office's failure to deliver the package during the COVID-19 lockdown cannot be lawfully attributed to him, and "at a minimum constitutes governmental interference, and at a maximum wanton malfeasance."[25]

After direction from the Court, [26] the Commonwealth filed a response arguing that Petitioner failed to produce sufficient evidence to establish the mailbox rule, the January 21, 2021 date is not the date the habeas petition was filed, and the petition is untimely.[27] The

---

[23] *Id*. at 152-56.

[24] *Id*. at 9.

[25] *Id*. at 10.

[26] This reply and the further surreplies followed a Court order directing briefing on the timeliness of the petition and validity of the First Postage Slip. 03/04/25 Order [Doc. No. 39].

[27] Resp'ts' Surreply Opp. Habeas Pet. at 5-15 [Doc. No. 41].

4

Commonwealth suggested "at best Petitioner is misrepresenting the contents of [the First Postage Slip], and at worst is fabricating this document."[28] The Commonwealth also presented a declaration from the mailroom inspector supervisor at SCI Benner Township/SCI Rockview, Sharon Caprio, and provided a copy of the actual postage slip and receipt ("Aubrey Good Postage Slip"), which confirms that Petitioner mailed a package to Aubrey Good on January 21, 2021.[29] The Aubrey Good Postage Slip is dated 1/21/21, lists "Aubrey Good, 93 River Palms Road, Unit C, Newport News, VA 23608" as the recipient and $8.70 as the charge.[30] A "SCI Rockview/Benner #5, Jan 22 2021, Received Mailroom Department" square stamp is on the copy of the document.[31]

In Ms. Caprio's declaration, under penalty of perjury, states that the postage slip in question "was in reference to the mail he sent to Ms. Good on 1-22-21" and the cost was $8.70 for the postage.[32] The declaration implies that Petitioner's only outgoing mail for January 22, 2021, was the mail he sent to Ms. Good.[33]

In an August 1, 2025 reply, Petitioner produced another "original" postage slip (the "Second Postage Slip"), which he stated was a photocopy of the First Postage Slip.[34] He suggested for the first time that two packages were sent on January 22, 2021—one to the Clerk of Court and one to Ms. Good.[35] In an August 11, 2025 response, the Commonwealth identified

---

[28] *Id*. at 7.

[29] *Id*., Ex. A, "Aubrey Good Postage Slip" at ECF 18; Ex. B, Sharon Caprio Dec., at ECF 20-21.

[30] *Id*., Ex. A, "Aubrey Good Postage Slip" at ECF 18.

[31] *Id*.

[32] *Id*., Ex. B, Sharon Caprio Dec., at ECF 20.

[33] *Id*. at 7, 20.

[34] Pet's. Further Reply Supp. Habeas Pet. at 6 [Doc. No. 51] ("Petitioner now presents an exact photocopy of the original cash slip."); Pet's. Further Reply Supp. Habeas Pet., Ex. A, "Second Postage Slip" at ECF 21 [Doc. No. 51].

[35] *Id*. at 8-9.

Petitioner's changes in the purported filing dates during the course of briefing and has produced

three separate "original" postage orders to establish the date the petition was filed.[36]

After Magistrate Judge Straw issued the R&R, Petitioner filed objections to the R&R, in

which he claims that he had mailed two copies of his habeas petition to the Clerk of Court on

January 22, 2021.[37] He explained that he inadvertently sent the Second Postage Slip, which he

claims he intentionally withheld and planned to use to "ambush" the Commonwealth at an

evidentiary hearing.[38] After the Commonwealth responded to Petitioner's objections to the R&R,

the matter is ripe for this Court's review.

## II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the

ability of a court to grant a writ of habeas corpus. Federal courts cannot grant a habeas claim if it

is not filed within the one-year statute of limitations on applications for a writ of habeas

corpus.[39] The one-year period begins to run when the judgment becomes final in state court.[40]

## III.   DISCUSSION

If a party timely files a direct appeal of a judgment of conviction to the Pennsylvania

Superior Court and petitions for allowance of appeal in the Pennsylvania Supreme Court, and

both courts deny relief, the judgment becomes final after the Pennsylvania Supreme Court denies

allowance of appeal and after the time to seek certiorari in the United States Supreme Court

---

[36] Resp'ts' Further Reply Opp. Habeas Pet. at 4-10 [Doc. No. 52]. Petitioner's request to file a further surreply was denied. 9/8/21 Order [Doc. No. 54].

[37] Pet's. Obj. to R&R at 12-13 [Doc. No. 63].

[38] Id.

[39] 28 U.S.C. § 2244(d)(1).

[40] 28 U.S.C. § 2244(d)(1).

expires.[41] Here, Petitioner directly appealed his conviction, the Superior Court denied the appeal, and after Petitioner sought re-argument, the Superior Court denied re-argument. Petitioner sought allowance of appeal before the state Supreme Court, which was denied. He timely moved for reconsideration, which was denied. Petitioner did not seek certiorari, so his judgment became final 90 days after the state Supreme Court denied reconsideration of its denial of allowance of appeal. Accordingly, Petitioner's judgment became final on August 23, 2011.

The one-year AEDPA statute of limitations is subject to statutory tolling during the time which a properly filed PCRA petition is pending.[42] Here, Petitioner filed his PCRA before his conviction became final, so no days lapsed on the AEDPA statute of limitations prior to filing. The time remained tolled while Petitioner amended his PCRA, the PCRA court denied the petition, the Superior Court denied appeal of the PCRA court's decision, Petitioner sought and was denied re-argument before the Superior Court, and while Petitioner sought allowance of appeal to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court denied allowance of appeal on January 23, 2020, and the AEDPA statute of limitations began to run.[43]

One year from January 23, 2020 was January 23, 2021. However, January 23, 2021 was a Saturday, so the deadline for filing a federal habeas petition was Monday, January 25, 2021. Petitioner's Petition was received by the Court on March 24, 2023, so it is facially untimely.

### A.     Prison Mailbox Rule

The prison mailbox rule, which applies to *pro se* prisoners, provides that a court filing will be deemed filed "at the time [the prisoner] delivered it to the prison authorities for

---

[41] *Clay v. United States*, 537 U.S. 522, 525, 532 (2003); U.S. Sup. Ct. R. 13.1.

[42] 28 U.S.C. § 2244(d)(2).

[43] *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

forwarding to the court clerk," not when the Clerk's Office received the document.[44] The prison

mailbox rule, however, does not apply to documents that prisoners have given to a third party

outside of the prison for filing.[45] If the document is provided to someone outside of prison, then

the prison is no longer responsible for delays in filing, and the prisoner does not receive the

benefit of the prison mailbox rule.

Petitioner alleges that his habeas petition was timely filed because it was mailed from the

prison on January 22, 2021. He has repeatedly changed his account of mailing the habeas

petition. The Court recounts the various representations.

In his initial and amended habeas petitions, Petitioner did not provide a date that the

petition was mailed from the prison, represented that the petition was timely filed if it was filed

before February 23, 2021, and the initial petition was dated February 19, 2021.[46] Next, in his

reply, Petitioner alleged that on January 22, 2021, he mailed the habeas petition to the Court, but

it never arrived.[47] He attached the First Postage Slip for this mailing, which was not time- or

date-stamped.[48] Then, in a further reply, Petitioner averred to attach a photocopy of the first cash

slip, the Second Postage Slip,[49] which was not a copy of the First Postage Slip, contained a

different mailing address, and stated "federal habeas corpus enclosed," which the First Postage

---

[44] *Houston v. Lack*, 487 U.S. 266, 276 (1988); see also Fed. R. App. P. 4(c).

[45] *See Bond v. VisionQuest*, 410 Fed. App'x 510, 517-18 (3d Cir. 2011) (finding prisoner who gave complaint to third party, likely his father, for hand delivery to clerk's office is not entitled to benefit of prison mailbox rule); *Paige v. U.S.*, 171 F.3d 559, 560-61 (8th Cir. 1999) (holding mailbox rule does not extend beyond prisoner's mailings to district court clerk when defendant's brother—an inmate housed in another prison—mailed § 2255 motion to defendant in time to meet deadline, but prison official or postal service sent motion to wrong penal institution, only later delivering motion to defendant who placed motion in prison mail after filing deadline).

[46] Mem Supp. Am. Habeas Pet. at 26-27 [Doc. No. 25-1]; Initial Habeas Pet. at 20 [Doc. No. 1-1].

[47] Pet's. Reply Supp. Habeas Pet. at 7-11 [Doc. No. 34].

[48] Pet's. Reply Supp. Habeas Pet., Ex. A, "First Postage Slip" at ECF 152 [Doc. No. 34].

[49] Pet's. Further Reply Supp. Habeas Pet. at 6 [Doc. No. 51] ("Petitioner now presents an exact photocopy of the original cash slip."); Pet's. Further Reply Supp. Habeas Pet., Ex. A, "Second Postage Slip" at ECF 21 [Doc. No. 51].

Slip did not.[50] Later, in his objections to the R&R, Petitioner admitted that the Second Postage Slip was not identical to the First Postage Slip, but he actually sent two copies of the habeas petition to the Court on January 22, 2021—neither of which ever arrived to the Court. [51] Both of these postage slips are receipts for $8.70.[52]

The Commonwealth presented a postage slip ("Aubrey Good Postage Slip"), date-stamped and received by the mail room on January 22, 201, charging Petitioner's prisoner account for $8.70 and mailing the package to Ms. Good.[53] Ms. Caprio's declaration attests that the postage slip in question was sent to Ms. Good and that Petitioner's account was charged for this mailing.[54]

At various points in this litigation, Petitioner has alleged that he mailed one, two or three separate mailings on January 21 or 22, 2021, now claiming to have sent two copies of the habeas petition to the court and one to his daughter out of an abundance of caution. Petitioner contends that an evidentiary hearing is required to challenge the veracity of the Ms. Caprio's declaration and determine the factual issue of when the petition was first sent to the Court. However, on the evidence before the Court, an evidentiary hearing is unnecessary based on the contradictory and dubious representations and exhibits from Petitioner.

Petitioner represents to the Court that he mailed three versions of his habeas petition on January 22, 2021, each of which cost Petitioner $8.70—according to the cash slips presented by

---

[50] *See* Pet's. Further Reply Supp. Habeas Pet., Ex. A, "Second Postage Slip" at ECF 21 [Doc. No. 51]; Pet's. Reply Supp. Habeas Pet., Ex. A, "First Postage Slip" at ECF 152 [Doc. No. 34].

[51] Pet's. Obj. at 12-14 [Doc. No. 63]. Petitioner stated that he initially withheld the Second Postage Slip in order to "ambush the Commonwealth at the requisite evidentiary hearing." *Id*.

[52] Pet's. Reply Supp. Habeas Pet., Ex. A, "First Postage Slip" at ECF 152 [Doc. No. 34]; Pet's. Further Reply Supp. Habeas Pet., Ex. A, "Second Postage Slip" at ECF 21 [Doc. No. 51].

[53] Resp'ts' Surreply Opp. Habeas Pet., Ex. A, "Aubrey Good Postage Slip" at ECF 18 [Doc. No. 41].

[54] Resp'ts' Surreply Opp. Habeas Pet., Ex. B, Sharon Caprio Dec., at ECF 20-21 [Doc. No. 41].

the parties. Along with his Amended Habeas Petition, Petitioner provided the Court a copy of his Account Statement from February 3, 2021. The Account Statement reflects a deduction of $8.70 on January 27, 2021, but there are no other deductions for that amount, nor other postage deduction after January 19, 2021. There is no evidence to support Petitioner's claim that he mailed three versions of the habeas petition, when he was charged just once and Ms. Caprio confirmed that the one charge correlated to Petitioner's mailing to his daughter. Further, just one of the cash slips include a date stamp to indicate it was received and processed by the mail room. Petitioner does not address these discrepancies.

Petitioner cannot demonstrate that his habeas petition should be deemed filed as of January 21 or 22, 2021 pursuant to the prison mailbox rule based on the evidence presented. The evidence before the Court has established only that Petitioner mailed his petition to Ms. Good on January 22, 2021, for a charge of $8.70, and Ms. Good forwarded the petition to the Clerk of Court.

While Petitioner identifies delays in mail delivery related to COVID-19 in his arguments, he does not sufficiently identify COVID-19 as the cause of any delay in filing, nor does he allege that he sent filings to his daughter because of COVID-19.[55] There is no evidence that the COVID-19 pandemic and related mailing delays were the cause of Petitioner's untimeliness in filing.

Because the petition was mailed to the Clerk's Office from outside of the prison, Petitioner is not entitled to the benefit of the prison mailbox rule.

---

[55] Pet's. Further Reply Supp. Habeas Pet., at 10 [Doc. No. 51].

###### B.      Untimeliness of Filing

Without the benefit of the prison mailbox rule, a pleading is deemed filed when the Clerk's Office receives it. Here, the Clerk's Office did not receive the habeas petition until March 24, 2021. While the COVID-19 pandemic and shutdown may have affected the Clerk's receipt of the petition, the Court need not address the delay because the petition was mailed from outside of prison after the statute of limitations had expired, so the untimeliness was not caused by delay in the postal system. Accordingly, the habeas petition remains untimely.

The Court approves and adopts the R&R's analysis determining that Petitioner is not entitled to equitable tolling of the statute of limitations.[56]

### IV.    CONCLUSION

Petitioner's habeas petition pursuant to § 2254 was not filed with AEDPA's one-year statute of limitations, and no exceptions or equitable tolling apply. Accordingly, the petition will be dismissed as untimely. An order will be entered.

---

[56] R&R at 17-10 [Doc. No. 57].